No. 14770

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

DONALD J. HOFFMAN and DONNA M. HOFFMAN,

Plaintiffs and Appellants,

vs.

PATRICK A. BYRNE and ROBERTA R. BYRNE,

Defendants and Respondents.

ORIGINAL PROCEEDING:

Counsel of Record:

For Appellants:

Keller, Reynolds, Drake, Sternhagen & Johnson, Helena,
Montana
Hood and Sherwood, Missoula, Montana
Mike Sherwood argued, Missoula, Montana
Morales, Volinkaty and Harr, Missoula, Montana

For Respondents:

Milodragovich, Dale & Dye, Missoula, Montana
Harold Dye argued, Missoula, Montana

Submitted: November 6, 1979

Decided: DEC 31 1979

Filed: DEC 31 1979

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Appeal is by plaintiffs Donald J. Hoffman and Donna Hoffman from a grant of summary judgment against them by the District Court, Fourth Judicial District, Missoula County. They had brought action in that court against defendants Patrick A. Byrne and Roberta R. Byrne for a declaratory judgment that plaintiffs were not in default with respect to a contract to purchase real estate from the defendants. The District Court decided against the Hoffmans as purchasers, granted summary judgment to the Byrnes, and later ordered by writ of restitution that the Hoffmans surrender the real property to the Byrnes. The appeal followed.

In separating the facts of the case, it is easier to separate the incidents by dates as follows:

October 23, 1974: Patrick A. Byrne and Roberta R. Byrne, as sellers entered into a contract for deed with Donald J. Hoffman and Donna M. Hoffman, as buyers, for certain real property located in Missoula County. The contract provided for an escrow to which payments were to be made this being the Southside National Bank of Missoula at the time that is pertinent here. The contract also provided that the escrow holder was to deduct from each monthly payment made by the Hoffmans a sum sufficient to pay a mortgage remaining due on the property on the interest of the sellers, Byrnes.

December 6, 1977: On this date the Byrnes sent a letter by certified mail to the Hoffmans alleging a default in that judgment had been taken against them by Budget Finance in Flathead County for $4,223.81 and the Sheriff of Missoula County had filed and served a notice of levy of execution on the interest of the Hoffmans in the real property being purchased. This contract for deed required a 30-day written notice, the time apparently to run from the receipt of the written notice by the buyers. The provision of the contract on which the sellers relied as a default provides:

-2-

> "The buyer agrees to keep all of the property
> covered hereby free from any lien, mortgage
> or encumbrance which may be or become superior
> to the lien of the Sellers' title, without the
> prior written permission of the sellers.. . ."

December 21, 1977: Donald Hoffman signed the certified mail receipt, acknowledging receipt of the letter of December 6, 1977.

January 11, 1978: The sellers Byrnes closed the escrow account of the Southside National Bank, and obtained the escrow papers which have been deposited therein. One of these was a quitclaim deed to the subject property from the buyers to the sellers which the sellers filed and recorded on that date.

January 12, 1978: Donald Hoffman filed a petition for bankruptcy.

January 20, 1978: The buyers filed a petition for declaratory judgment against the sellers. In general, the allegations are that Donna Hoffman never received a notice of default in respect to the property; that in any event no default existed. The prayer was that the court declare that the defendants were not entitled to default by reason of the notice dated December 6, 1977 and to restrain the sellers from otherwise selling or transferring or encumbering the subject property.

January 24, 1978: Hugh Kidder, on behalf of Donna Hoffman, tendered to Southside National Bank, and then to Gary Chumrau, counsel for the bank, such sums as might then be due upon the contract.

March 24, 1978: Judgment in the declaratory judgment action by the buyers was entered against the sellers on sellers' default.

June 26, 1978: The default judgment against the sellers was set aside by stipulation. The sellers filed their answer to the petition for declaratory judgment on that date. The answer alleged essentially:

-3-

The sellers admit they sent the notice of default on December 6, 1977, but deny any knowledge of whether or not it was received by Donald Hoffman.

The sellers admit that they have demanded and received the escrow papers from Southside National Bank of Missoula.

July 31, 1978: The bankruptcy petition by Donald J. Hoffman was dismissed.

August 16, 1978: On this date a second letter addressed to the Hoffmans was sent by the attorneys for the Byrnes setting out several alleged defaults and demanding cure of the same within 30 days.

September 27, 1978: The sellers, through their attorneys, sent out a request for admissions to each of the buyers, asking in essence that they admit that they had received a second notice of default, that they had not made payments in connection with the same, except for a letter dated September 19, 1978 from Richard Volinkaty, one of the attorneys for the husband, in which letter Volinkaty agreed on behalf of Hoffman to pay the amounts now due on the contract, provided that the sellers also pay the sum of $10,000 for damages.

December 13, 1978: Sellers moved for summary judgment against buyers.

December 13, 1978: Affidavit of John Peterson, Vice President of Southside National Bank of Missoula was filed in which he indicated that "since January 13, 1978" no offer of payments have been made to him in connection with the escrow.

Also filed on this date was the affidavit of one of the sellers, Patrick Byrne, stating that since January 13, 1978, no tender of payment has been made.

December 21, 1978: The deposition of Patrick Byrne was taken. He testified that he still had the escrow papers, that he has never authorized Southside National Bank, since January 11, 1978 to accept payments, and that he has continued to make

-4-

the mortgage payments and tax reserve payments in connection with the property concerned. During that period of time the property has continued to be occupied by the buyers.

January 3, 1979: Donna Hoffman filed her responses to the request for admissions, admitting receiving the second notice of August 16, 1978.

February 22, 1979: The Court granted sellers' motion for summary judgment against the defendants.

February 26, 1979: The sellers made a motion for writ of restitution.

March 1, 1979: The court denied the motion for a stay order.

April 12, 1979: The court granted a writ of restitution but stayed the effect of the order pending appeal.

Subsequently this Court stayed any further action of the court below until this appeal has been decided.

The issues as framed by the parties are these:

1. Whether the District Court erred in granting summary judgment because material questions of fact exist.

2. Whether the District Court erred in granting summary judgment by construing the declaratory judgment as a request for relief from forfeiture.

3. Whether the District Court erred in granting a writ of restitution.

The first notice of default was defective. The clause in the contract of purchase relied upon by the sellers makes the filing of a lien a cause for default only if it affects the sellers' title. The lien of a judgment creditor against the buyer in this case would affect only the interest of the buyer in the property, and not the sellers' title. Therefore the original default notice was without basis.

However, based on the notice of default of December 6, 1977, and within 30 days of the receipt of that written notice

by Donald Hoffman (Donna, the wife, did not receive the notice), the sellers on January 11, 1979, closed out the escrow, and recorded the quitclaim deed against the buyers which had been filed as a part of the escrow papers.

The pleadings in the declaratory judgment action relate only to the situation as it existed on January 20, 1978, the date of the filing of the petition for declaratory judgment. The court without any further pleadings, but based only upon requests for admissions on matters that occurred after the case was at issue, granted summary judgment in favor of the sellers. Thus the court went outside the pleadings, because as far as the pleadings are concerned, the court should have declared and determined that the original notice of default was defective, that the defendants were not in default and perhaps have given such additional relief as might be necessary to restore the parties to their status quo. At the time of the hearing on the writ of restitution, on April 12, 1979, the buyers did in fact through their attorneys tender a cashier's check, the sum of $7,408, which they had calculated to be the amount that would make the sellers whole on that date. Nevertheless, the court refused to accept this tender and went ahead and issued the writ of restitution. The proper result in this case is to set aside the findings and conclusions and summary judgment and we return the matter to the District Court for further proceedings ordering:

(1) that the court require the parties to determine the amounts necessary to bring the contract current;

(2) that the buyers and sellers restore escrow arrangements and documents;

(3) that the buyers be given a reasonable time to cure any defaults properly a ground for forfeiture of the contract; and,

-6-

(4)   thereupon if the defaults are cured, restore the contract for deed as in full force and effect; otherwise declare a forfeiture.

(5)   As we see no present merit in buyers' claim for tort damages, we reserve our opinion on that point, and leave it to the District Court for any further decision.

We realize we have not pointed to a single authority in this Opinion.  It is enough to say the situation is novel.

This cause is remanded for further proceedings in accordance with this Opinion.

_____
                    Justice

We Concur:

_____
        Chief Justice

_____

_____
              Justices