No. 99-602

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 305N

CECIL B. CURREY,

Plaintiff/Appellant,

v.

SHELBI L. PAUL,

Defendant/Respondent.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

The Honorable Thomas C. Honzel, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Dennis G. Loveless, Helena, Montana; Timothy Tack, Tampa, Florida (Pro Hac Vice)

For Respondent:

Shelbi L. Paul, Great Falls, Montana (pro se)

Submitted on Briefs: August 10, 2000
Decided: December 5, 2000

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 On July 9, 1999, the First Judicial District Court, Lewis and Clark County, issued an order requiring reinstatement of a contract for deed and ordering defendant, Shelbi L. Paul (Paul), to pay plaintiff, Cecil B. Currey (Currey), an amount of $1,420.87 within 30 days or suffer forfeiture. Currey appeals. We affirm.

¶3 Currey raises five issues on appeal. However, we find one issue dispositive:

> Is the District Court's July 9, 1999 order correct in adopting the suspension of performance argument to determine how much Paul owed to bring the contract current?

## FACTUAL BACKGROUND

¶4 Originally Colleen Larson (Larson) was the owner of the real property near Wolf Creek in Lewis and Clark County. In July 1994, Paul entered into a contract for deed with Larson for the purchase of this property. In October 1995, Larson assigned her entire interest in the property and the contract to Currey.

¶5 In May 1996, Paul was fifteen days late in tendering her payment. Currey mailed out a notice of default listing a number of alleged defaults by Paul, including failure to pay escrow fees and payments. However, the notice was sent to the address on the contract for deed and Paul never received it. When Paul did not cure the alleged defaults within 30 days, Currey acted on the notice by closing the escrow and filing a quit claim deed in his

name. On July 17, 1996, Currey filed this action for unlawful detainer to require Paul to vacate the property.

¶6 Paul learned of Currey's actions from the escrow agent. Paul's counsel notified Currey's counsel that the default notice was defective because it stated an incorrect amount due. Between July 1996 and January 1997, Currey prepared a draft of a proposed replacement contract for the purchase of the property that was to be eventually placed into escrow in place of the original contract for deed.

¶7 Paul never approved the proposed new contract for deed because it contained additional and changed provisions. On March 10, 1997, Currey's attorney sent a letter to Paul's attorney in which the original contract for deed was referred to as the "old contract." Included with that letter was a second notice of default based on the original contract for deed, claiming Paul had defaulted by not making payments due for January 1996, and from April 30, 1996, to the date of the second default, March 10, 1997.

¶8 On June 6, 1997, Currey again closed the escrow and on June 16, 1997, he notified Paul that the contract was forfeited and the escrow closed. On June 25, 1997, Currey moved to amend his complaint. The District Court granted his motion on July 14, 1997. In his amended complaint, Currey sought a judgment declaring him the legal and equitable owner of the property.

¶9 Currey then filed a motion for summary judgment based on the original contract for deed and the second notice of default. He also filed a motion to dismiss Paul's counterclaim for breach of contract, malice and intentional infliction of emotional distress. By memorandum and order entered December 17, 1997, the District Court denied Currey's motion to dismiss Paul's counterclaim for breach of contract on the original contract for deed. However, the District Court granted Currey's motion to dismiss Paul's counterclaims for malice and intentional infliction of emotional distress.

¶10 Currey then moved the District Court for an order giving him legal and equitable title to the property and granting him exclusive possession to the property. In addition, Currey requested summary judgment dismissing Paul's counterclaim for breach of contract and specific performance. Paul responded by requesting the District Court to find the debt from April 1996 to the present has been discharged and that she is entitled to expenses resulting from Currey's breach of his oral promise to prepare and enter into a new contract for deed with her.

¶11 The District Court responded to these motions by finding that the forfeiture should not be applied because the case was complicated by Currey's unilateral reopening of the escrow after he had removed the papers from escrow and had filed the deeds and sent a second notice of default. He did these things nine months after he had initiated this lawsuit.

¶12 In a case factually similar to this one, this Court set aside a summary judgment which had been entered for the seller and remanded the case to the district court for further proceedings and ordered:

> (1) that the court require the parties to determine the amounts necessary to bring the contract current;
>
> (2) that the buyer and seller restore escrow arrangements and documents;
>
> (3) that the buyer be given a reasonable time to cure any defaults properly a ground for forfeiture of the contract; and,
>
> (4) thereupon if the defaults are cured, restore the contract for deed as in full force and effect; otherwise declare a forfeiture.

Hoffman v. Byrne (1979), 185 Mont. 56, 61, 604 P.2d 328, 331. The District Court in this case has followed this procedure in reaching its judgment.

¶13 The District Court found that Paul's breach of contract claim was based upon Currey's failure to satisfy an alleged oral agreement to prepare a new contract for deed. The District Court reasoned that pursuant to § 28-2-903(1)(d), MCA, contracts for the sale of real property are required to be in writing. It found that because the subject of the oral agreement upon which Paul based her claim was a contract for the sale of real property, it is not enforceable and cannot be used as a basis for Paul's breach of contract claim.

¶14 The District Court issued an order in which it disposed of the motions of the parties and gave instructions as follows:

> 1. Currey's motion for summary judgment as it relates to forfeiture is denied.
>
> 2. Currey's motion for summary judgment on Paul's breach of contract claim is

granted.

3. Paul's motion to dismiss is denied.

4. The parties shall proceed in accordance with the guidelines set out in Hoffman v. Byrne.

5. If within 60 days of the date of this Order the parties are unable to determine the amount necessary to bring the contract current, the [District] Court will hold a hearing to make that determination.

¶15 Because the parties were unable to agree, on June 16, 1999, the District Court held a hearing to decide the amount due. At this hearing Paul argued that she was entitled to suspend payment during the period of time her rights, including her right to possess the property, were denied under the contract. Paul cited Sjoberg v. Kravik (1988), 233 Mont. 33, 759 P.2d 966, to the District Court. The District Court found that Currey wrongfully took legal and possessory interest of the property, depriving Paul of its use and quiet enjoyment. Based on *Sjoberg*, the District Court concluded that Paul was entitled to suspend payments until this matter was resolved.

¶16 On July 9, 1999, the District Court entered an order requiring reinstatement of the contract and directing Paul to tender $1,420.87 in 30 days or suffer forfeiture. Currey filed a motion to alter and amend or for reconsideration of the order. On September 23, 1999, the District Court denied Currey's motion. Currey now appeals to this Court.

Issue

¶17 **Is the District Court's July 9, 1999 order correct in adopting the suspension of performance argument to determine how much Paul owed to bring the contract current?**

¶18 We review a district court's conclusions of law *de novo* to determine whether the conclusions are correct. Quigley v. Acker, 1998 MT 72, ¶ 18, 288 Mont. 190, ¶ 18, 955 P.2d 1377, ¶ 18. We will not overturn a district court's findings of fact unless those findings are clearly erroneous. *Quigley*, ¶ 18. We hold that the District Court was correct in its conclusions of law and that its findings of fact are not clearly erroneous.

¶19 Currey argues that the District Court erred in adopting Paul's suspension of

performance argument which was barred by virtue of the District Court's January 21, 1999 grant of summary judgment to Currey on Paul's breach of contract counterclaim, and claims that the District Court's reliance upon Sjoberg v. Kravik (1988), 233 Mont. 33, 759 P.2d 966, is misplaced because the facts of that case are distinguishable from the ones here. He further argues that the District Court should have rejected Paul's suspension of performance argument because it was not pled as an affirmative defense to his amended complaint, nor in fact, as a defense to his original complaint.

¶20 The District Court's January 21, 1999 order found that Currey had committed wrongful acts in the manner he terminated and forfeited the contract. The District Court found that Currey should not have unilaterally reopened the escrow. It found that Currey's unilateral actions unnecessarily complicated matters. Contrary to Currey's assertions, the District Court only granted him summary judgment on Paul's breach of contract claim based on the oral agreement. The District Court's January 21, 1999 order did not preclude Paul's suspension of performance argument.

¶21 Next, we turn to the District Court's reliance upon the *Sjoberg* case in its July 9, 1999, order. In *Sjoberg*, a buyer purchased two tracts of land under separate contracts for deed. The contract provided that the seller would obtain the release of a mortgage on the property within one year. The seller failed to obtain the release and the buyer suspended payments and filed an action for breach of contract. The buyer, however, retained possession of the property, and ownership of the property was not placed at issue. This Court stated that "[i]f a contracting party materially breached the contract, the injured party is entitled to suspend his performance. . . ." *Sjoberg*, 233 Mont. at 38, 759 P.2d at 969. This Court concluded that the seller's failure to remove the liens was a material breach entitling buyer to suspend payments.

¶22 We find Currey's argument that *Sjoberg* is factually distinguishable unpersuasive and find that *Sjoberg* is factually similar to this case. The District Court found that Currey wrongfully took legal and possessory interest of the property. This is more substantial than the material breach in *Sjoberg*. Under *Sjoberg*, Paul was entitled to suspend payments until this matter was resolved. The finding of fact by the District Court that Currey wrongfully took legal and possessory interest in the property is supported by the record and is not clearly erroneous.

¶23 Lastly, we address Currey's contention that suspension of performance was procedurally barred. This argument lacks merit. Suspension of performance only came

into consideration after the District Court's January 21, 1999 order. It was not plead as an affirmative defense against a breach of contract claim. Rather, it was only considered in determining the amount owed to bring the contract current when the parties failed to reach agreement. Under this circumstance, the District Court did not err in applying it to calculate the amount Paul owed.

¶24 We conclude that Currey has failed to meet his burden of establishing the District Court erred. Since Currey does not prevail, he is not entitled to attorney fees.

¶25 The District Court is affirmed.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER