No. 02-784

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 229

DENNIS BYRON COLE, Trustee of the
EDGAR C. COLE REVOCABLE TRUST,

Plaintiff and Respondent,

v.

ALTA J. COLE,

Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and for the County of Flathead, Cause No. DP-96-166(A),
The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

James C. Bartlett, Attorney at Law, Kalispell, Montana

For Respondent:

James Ramlow, Tia R. Robbin, Kaufman, Vidal & Hileman, P.C., Kalispell,
Montana

Submitted on Briefs:  May 13, 2003

Decided:  August 26, 2003

Filed:

_____
Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1      Upon the death of her husband, Appellant Alta Cole filed an inheritance tax return naming herself as the sole owner of real property based on a purported conveyance in a warranty deed.  Respondent Dennis Cole later filed a Petition for Construction of Trust with the Eleventh Judicial District Court, Flathead County.  The petition requested that the District Court render the warranty deed null and void and declare the real property an asset of a previously established revocable trust.  The District Court found in favor of Respondent Cole and entered summary judgment accordingly.  We affirm.

¶2      The sole issue on appeal is whether the District Court erred when it rendered null and void a warranty deed conveyance based on Edgar Cole's failure to comply with the revocation provisions of a previously established revocable trust.

## BACKGROUND

¶3      On June 1, 1989, Edgar Cole ("Edgar"), a widower and California resident, established the Edgar C. Cole Revocable Trust which named himself as the trustee.  The trust sought to govern the distribution of the trust property upon his death, property which included real property situated in Flathead County, Montana ("Flathead Property").  Edgar deeded the Flathead Property to himself, as trustee of the trust, but did not record the deed in Flathead County.

¶4      After establishing the trust, Edgar executed several amendments.  On June 13, 1989, Edgar amended the trust agreement to include Dennis Byron Cole ("Dennis") and Jerlyn Ruth Lee as co-trustees.  On September 24, 1989, Edgar married Alta J. Lee ("Alta"), who

2

changed her name to Alta J. Cole. After the marriage, Edgar executed a second amendment to the trust on November 8, 1989. This amendment acknowledged the recent marriage but provided that Edgar "hereby confirms and ratifies all the existing provisions of the Trust Agreement and has intentionally made no provision in the Trust for his wife Alta Cole." On December 8, 1989, Edgar executed a third amendment. This amendment required that, upon his death, the Flathead Property be held for Alta's use during her lifetime, with the trust accounting for maintenance fees, taxes, insurance, and other expenditures relative to the property.

¶5 On June 25, 1990, Edgar signed a handwritten warranty deed, granting the Flathead Property to himself and Alta as joint tenants with the right of survivorship. Alta recorded the deed on the same day. Finally, on December 11, 1991, Edgar executed a fourth amendment to the trust agreement. The fourth amendment: revoked all prior amendments; granted a life estate in the Flathead Property to Alta; obligated the trust to pay Alta's property taxes, fire insurance, utilities, upkeep, and maintenance on the property; directed the remaining net trust income to be paid to Alta during her lifetime; named Dennis as the trustee, in the event Edgar could not act in that capacity; and granted the remaining trust estate to Dennis upon Alta's death.

¶6 In December 1993, Edgar passed away. Shortly thereafter, Alta filed an Application for Determination of Inheritance Tax naming herself as the sole owner of the Flathead Property. On September 23, 1996, Dennis, in his capacity as trustee, filed a Petition for Construction of Trust, pursuant to § 72-35-301(2), MCA. Therein, Dennis requested that the

3

District Court declare the Flathead Property an asset of the trust, free and clear of any claim by Alta or her creditors, subject only to Alta's life estate. Alta opposed the request arguing that she was the sole legal owner of the Flathead Property pursuant to the warranty deed. Both parties subsequently filed motions for summary judgment. Alta passed away in December 2001.

¶7 On October 3, 2002, the District Court entered its Order and Rationale on the outstanding motions for summary judgment. The District Court concluded that Edgar's actions evinced an intent to govern disposition of the property pursuant to the trust. Notwithstanding this conclusion, the District Court determined that "the conclusion of this matter rests not on a subjective determination of intent, but on the legal effect of the documents he actually signed." The court concluded that Edgar's declaration of trust complied with the requirements to establish a binding trust over the Flathead Property. Therefore, according to the court, the trust governed the administration of the Flathead Property. The court determined that Edgar did not comply with the partial revocation requirements of the trust in executing the warranty deed. Therefore, the District Court found the warranty deed ineffective, declared the Flathead Property an asset of the trust, and entered summary judgment in favor of Dennis. On November 4, 2002, Alta filed a Notice of Appeal from the court's order of summary judgment.

STANDARD OF REVIEW

¶8 We review a district court's grant of summary judgment *de novo,* applying the same evaluation under Rule 56, M.R.Civ.P., as the district court. *Vivier v. State Dept. of Transp.*,

4

2001 MT 221, ¶ 5, 306 Mont. 454, ¶ 5, 35 P.3d 958, ¶ 5.  This Court has stated that:

> The movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist.  Having determined that genuine issues of fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law.  We review the legal determinations made by a district court as to whether the court erred.  [Citations omitted.]

*Bruner v. Yellowstone County* (1995), 272 Mont. 261, 264-65, 900 P.2d 901, 903.

## DISCUSSION

¶9     Did the District Court err when it rendered null and void a warranty deed conveyance based on Edgar Cole's failure to comply with the revocation provisions of a previously established revocable trust?

¶10    According to the trust, the validity and construction of its provisions "shall be governed by the laws of the State of California in force from time to time . . . regardless of any change of residence of the Trustor, Trustee or any beneficiary . . . ."  Further, at the time Edgar executed the warranty deed, the trust provided:

> 2.01. While living, and competent, the Trustor may at any time or times, *by written notice filed with the Trustee*, (1) change any beneficiary; (2) amend any provision hereof to such extent as may be acceptable to the Trustee; (3) revoke this trust in whole or in part; or (4) withdraw all or any part of the trust estate.  [Emphasis added.]

¶11    Alta submits multiple theories in support of her position on appeal.  Alta maintains that: the notification limitation was not a condition precedent to effecting a partial revocation, the trust language does not provide for notice to *all* trustees, Edgar's knowledge of the partial revocation was imputed to the other trustees, the trust imposes no time limit on

5

the notification requirement, and the other trustees "acquired knowledge [of the partial revocation] at some point in time" through the warranty deed or otherwise. We find Alta's theories unpersuasive.

¶12 In a thoughtful, well-reasoned opinion, the District Court found the following:

> If Section 2.01's requirement of "filed with the Trustee" can be satisfied in any way that "unequivocally shows the intention of the settlor," Edgar Cole's signature on a joint tenancy deed falls far short of an "unequivocal" declaration of his intent to revoke. Unlike the Revocation of Trust in *Hauseman*, the joint tenancy deed does not mention the trust, does not mention a reserved power to revoke the trust or remove property from it, does not say that it is a partial revocation of the trust, and does not declare that Edgar Cole owns the property individually. Moreover, Mr. Cole's subsequent amendment to his trust, specifically conferring a life estate on the Respondent in the property, renders his signature on the joint tenancy deed even less clear an indication of his intent to remove that property from the trust. The *Hauseman* test is not satisfied in this case.

> Likewise, the requirement of actually filing a notice of partial revocation with the Trustee was not satisfied either. In June of 1990, Dennis Cole and Jerlyn Lee, Mr. Cole's children, were co-Trustees with their father. The Respondent has offered no evidence of any notice of partial revocation or withdrawal of trust property ever being filed with these children. Neither the *Hauseman* test nor the specific requirements of Section 2.01 of the trust applicable to partial revocation or withdrawal of property have been met in this case.

> Moreover, even if the *Hauseman* test were satisfied in this case, California law rather than Montana law controls the construction of this trust. The Respondent has pointed to no California law supporting her argument that recording the joint tenancy deed satisfied the "written notice" requirement of Section 2.01 of the Trust. To the contrary, California case law supports the conclusion that the "written notice" requirement was not satisfied here.

¶13 In *Hibernia Bank v. Wells Fargo Bank* (Cal. Ct. App. 1977), 136 Cal. Rptr. 60, the California Court of Appeal had to determine the ramifications of a purported revocation of

a revocable trust done in contravention of the trust agreement. The court acknowledged §

330, comment (j), of the Restatement Second of Trusts, which provides, "If the settlor

reserves a power to revoke the trust only in a particular manner or under particular

circumstances, he can revoke the trust only in that manner or under those circumstances."

Based on this notion, the court declared the purported revocation ineffective, stating:

> While the law might favor the free revocability of a trust in the interests of alienability of property generally, there is no basis to conclude that such policy would be furthered by denying to a trustor the power to specify the manner of revocation. . . . [To conclude otherwise] would not allow him to protect himself from the consequences of his whim, caprice, momentary indecision, or of undue influence by other persons.

*Hibernia Bank*, 136 Cal. Rptr. at 63.

¶14    In *Conservatorship of Irvine* (Cal. Ct. App. 1995), 47 Cal. Rptr. 2d 587, 592-93, the

California Court of Appeal reaffirmed *Hibernia Bank*, recognizing authority for the

following proposition:

> Any method of modification [or amendment] provided in the trust instrument will . . . be effective. . . . Provisions like these are designed to protect settlors from possible undue influence of people who would like to benefit from the trust assets. . . . If a settlor modifies the trust but fails to inform the trustee, the modification [or amendment] will not be effective if the trust instrument requires delivery of the modification [or amendment] to the trustee or the trustee's consent, because the modification [or amendment] will not have been made according to the terms of the governing instrument. [Citation omitted.]

Citing § 15402 of the California Code, the court recognized that "[s]tatutory law confirms

the binding effect of express procedures for amendment of a trust." *Conservatorship of*

*Irvine*, 47 Cal. Rptr. 2d at 593.

7

¶15 As indicated above, the controlling instrument at bar instructed that Edgar could revoke the trust in whole or in part at any time, provided he serve the Trustee with written notice of the revocation. At the time Edgar executed the warranty deed, the first amendment remained in effect. This amendment added Dennis and Jerlyn Ruth Lee as co-trustees of the trust. As indicated by the District Court, the record contains no evidence that Edgar, or anyone on his behalf, served Dennis or Jerlyn Ruth Lee with written notice of the revocation. As such, California law renders the partial revocation, via the warranty deed, ineffective.

¶16 In the alternative, Alta submits that if we affirm the District Court with regard to the effectiveness of the warranty deed, we should remand the matter for a hearing on damages under a breach of the warranty deed theory. Dennis submits that Alta has raised this issue for the first time on appeal. Alta counters that she raised the issue in her response to the petition in the fourth affirmative defense. The fourth affirmative defense provides:

> This action constitutes a slander upon Alta's rightful and lawful title and interest in said real property. Alta is entitled to full defense and indemnification by Petitioner for and against all damages accrued and accruing as a result, including without limitation, all costs, expenses, maximum allowable damages, and reasonable attorney's fees incurred by Alta as a result of this action, and any other, that may be taken against her arising from the subject matter, whether by named and unnamed parties, or persons yet unknown.

¶17 We agree with Dennis that Alta failed to raise this issue with the District Court. The above affirmative defense contemplates damages accruing as a result of the present action. The affirmative defense makes no mention of an alleged breach of the warranty deed perpetrated by Edgar. As Alta raises this issue for the first time on appeal, we decline to

8

address it further.  *See Bryan v. District*, 2002 MT 264, ¶ 19, 312 Mont. 257, ¶ 19, 60 P.3d 381, ¶ 19.  For the foregoing reasons, we hold that the District Court did not err when it entered summary judgment in favor of Dennis.

¶18     Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART