No. 03-376

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 289

DAVID GIAMBRA and ALEXANDRIA GIAMBRA,
husband and wife on behalf of their minor child,
ZADKIEL GIAMBRA,

      Plaintiffs and Appellants,

    v.

THE TRAVELERS INDEMNITY COMPANY,

      Defendant and Respondent.

APPEAL FROM:    District Court of the Sixth Judicial District,
In and for the County of Park, Cause No. D.V. 2002-187
The Honorable Wm. Nels Swandal, Judge presiding.

COUNSEL OF RECORD:

      For Appellants:

          Geoffrey C. Angel, Angel Law Firm, Bozeman, Montana

      For Respondent:

          John R. Gordon, Dan L. Spoon, Reep, Spoon & Gordon, Missoula, Montana

Submitted on Briefs:  October 2, 2003

Decided:  October 21, 2003

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    David Giambra and Alexandria Giambra (the Giambras), on behalf of their minor child Zadkiel Giambra (Zadkiel) appeal the judgment entered by the Sixth Judicial District Court, Park County, denying the Giambras' motion for summary judgment and granting The Travelers Indemnity Company's (Travelers) motion for summary judgment in Giambras' declaratory judgment action.

¶2    We address the following issue on appeal and affirm:

¶3    Did the District Court err in denying the Giambras' motion for summary judgment, in concluding that genuine issues of material fact existed regarding negligence and liability?

### FACTUAL AND PROCEDURAL BACKGROUND

¶4    Zadkiel, age 14, went sledding with several individuals, ages 14 and 15, including the brother of Nicholas Kelsey (Nicholas), age 17.  Nicholas's father told him to go tell the boys to stop sledding because of the icy conditions.  As instructed, Nicholas drove the family's 1988 Bronco to the hill where the boys were sledding.  He then proceeded down the hill, stopped his vehicle and delivered the warning.  It is disputed whether Zadkiel was with the group when the warning was delivered.

¶5    After informing the boys, Nicholas pulled forward.  As he did so, Zadkiel, while operating his sled, slid under Nicholas's front wheels and was run over.

¶6    Zadkiel incurred chest and abdominal injuries as a result of the accident.

¶7    The Giambras brought a motion for summary judgment against Travelers arguing that

2

Travelers was required to advance payment of Zadkiel's medical expenses. Travelers refused to advance payment of Zadkiel's medical expenses, claiming that liability of its insured, Nicholas, was not reasonably clear.

¶8      The District Court agreed with Travelers, granted its motion for summary judgment, and denied Giambras' motion for summary judgment.

## STANDARD OF REVIEW

¶9      We review a District Court's grant or denial of summary judgment *de novo. Cole ex rel. Cole Revocable Trust v. Cole*, 2003 MT 229, ¶ 8, 317 Mont. 197, ¶ 8, 75 P.3d 1280, ¶ 8. We also review any legal conclusions concerning the grant or denial of summary judgment for correctness. *Gonzales v. Walchuk*, 2002 MT 262, ¶ 9, 312 Mont. 240, ¶ 9, 59 P.3d 377, ¶ 9.

## DISCUSSION

¶10     **Did the District Court err in denying the Giambras' motion for summary judgment in concluding that genuine issues of material fact existed regarding the negligence and liability?**

¶11     The Giambras argue that Nicholas's liability is clear, and that he was negligent per se for violating certain traffic laws. Specifically, the Giambras maintain that Nicholas violated Livingston City ordinance 9-320 which provides:

> B. Notwithstanding the provision of this section every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any street and shall give warning when necessary, and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a street.

The Giambras also argue that Nicholas violated the similar provisions of § 61-8-504, MCA.

¶12    The Giambras argue that it is undisputed that, as instructed, Nicholas drove down a hill that was glare ice and gave no warning when he moved his vehicle forward after warning the sledders to stop sledding.  The Giambras conclude that Nicholas, thus, did not exercise proper precaution because he ran over Zadkiel knowing that other children were sledding on the hill.  As such, the Giambras argue that Nicholas's liability is reasonably clear and that Travelers is obligated to advance funds in payment of Zadkiel's medical expenses under our decision in *Ridley v. Guaranty Nat. Ins. Co.* (1997), 286 Mont. 325, 951 P.2d 987.

¶13    Travelers argues that evidence exists as to Zadkiel's own negligence, and that Nicholas observed the necessary traffic laws.  Specifically Travelers contends that Zadkiel jumped on his sled and slid in front of Nicholas's vehicle after Nicholas delivered the warning and resumed his travel down the hill.  Travelers maintains that, according to witnesses, Nicholas was not aware that Zadkiel had resumed sledding and had driven his sled in front of Nicholas's vehicle.  Also there is some evidence that Zadkiel was attempting to beat Nicholas down the hill after Nicholas had resumed his travel.  Travelers argues that the accident happened in the middle of the city street; that Nicholas was obeying all traffic laws; that there is no evidence that the street was closed; and that there is no evidence that the icy conditions contributed to the accident.  Moreover, Travelers points out that it is arguable whether ordinance 9-320 and § 61-8-504, MCA, apply given Zadkiel's age--i.e, whether he is a "child" in contemplation of the ordinance and statute.  Finally, Travelers concludes that Nicholas was not negligent and that Zadkiel was the sole cause of the accident.  Travelers, thus, argues that it is not obligated to advance payment of Zadkiel's medical expenses

4

because liability is not reasonably clear.

¶14 After reviewing the motions, briefs, and discovery, the District Court concluded that there is a conflict in the evidence as to which party was negligent and that Nicholas's liability is not reasonably clear. We reach the same conclusion based upon the record before us.

¶15 In *Ridley*, we held that pursuant to §§ 33-18-201(6) and (13), MCA, when liability is reasonably clear, an insurer is obligated to advance payment of an injured third party's medical expenses until a final settlement is reached. *Ridley*, 286 Mont. at 334, 951 P.2d at 992.

¶16 Here, genuine issues of material fact exist regarding negligence and liability. As such, Nicholas's liability is not reasonably clear, and Travelers has no obligation under *Ridley* to advance payment of Zadkiel's medical expenses. The District Court did not err in denying the Giambras' motion for summary judgment and in granting Travelers' motion for summary judgment.

¶17 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ JIM REGNIER

5