No. 02-425

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 23N

CECIL B. CURREY,

        Plaintiff, Counterdefendant and Respondent,

    v.

SHELBI L. PAUL,
n/k/a SHELBI L. GULLINGS,

        Defendant, Counterclaimant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
                    In and For the County of Lewis and Clark, Cause No. CDV 96-905,
                    Honorable Thomas C. Honzel, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Shelbi L. Gullings, Pro Se, Great Falls, Montana

    For Respondent:

        Cecil B. Currey, Pro Se, Lutz, Florida

Submitted on Briefs:  December 5, 2002

Decided:  February 3, 2004

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Shelbi L. Paul (Paul) appeals from the order of the First Judicial District Court denying her motion for summary judgment, and from the judgment entered thereafter by the First Judicial District Court, following a bench trial, which denied damages on her counterclaims against Cecil B. Currey (Currey) for breach of contract. We affirm.

¶3 The dispositive issue on appeal is whether the District Court erred in denying Paul's motion for summary judgment on her counterclaims.

## BACKGROUND

¶4 In July 1994, Paul entered into an installment contract for purchase of real property owned by Colleen Larson in Lewis and Clark County. In 1995, Larson assigned her interest in the property and her contract with Paul to Currey. Following Paul's failure to make a timely payment in May 1996, Currey issued a notice of default alleging several contract violations, and when Paul did not cure the asserted defaults within the thirty-day period provided by the contract, Currey declared a forfeiture, closed the escrow and filed a quit claim deed vesting himself with title. When Paul did not vacate the property, Currey filed an action for unlawful detainer on July 17, 1996, seeking an order requiring Paul to vacate.

¶5     However, Paul did not receive the notice, and after learning of Currey's actions from the escrow agent, notified Currey, through counsel, that the notice of default was defective. The parties then attempted to negotiate a new contract for deed, but were unsuccessful. Currey then unilaterally reinstated the escrow account and issued a second notice of default in March 1997, which was followed by Paul's filing of a bankruptcy petition, and the subsequent dismissal thereof. Paul then filed counterclaims against Currey in the detainer action for breach of contract, malice and intentional infliction of emotional distress. With leave of court, Currey amended his complaint to seek a judgment declaring him the legal and equitable owner of the property.

¶6     Following discovery, Currey moved for summary judgment on his claims and against Paul's counterclaims. The District Court dismissed Paul's counterclaims, but ruled that forfeiture of Paul's contractual interest was inappropriate, given Currey's actions. Concluding that Currey had wrongfully deprived Paul of legal and possessory interest of the property, the court ordered reinstatement of the contract and, following the parties' inability to agree on the dollar amount necessary for Paul to bring the contract current, held a hearing and determined the amount due. In so doing, the District Court concluded that because Currey had deprived Paul of the use and quiet enjoyment of the property, Paul was entitled to a suspension of payments which was factored into the calculation of, and greatly reduced, the amount required for Paul to reinstate the contract. Currey appealed that order to this Court, and we affirmed the District Court in *Currey v. Paul*, 2000 MT 305N.

3

¶7     After remittitur, the District Court granted the parties leave to amend their pleadings and scheduled a nonjury trial. Paul filed seven counterclaims, asserting breach of contract and of the covenant of good faith and fair dealing, and malice. Currey filed an answer to Paul's counterclaims and also filed "counterclaims" against Paul. The parties contested the sufficiency of Currey's compliance with the District Court's earlier order to reinstate the contract, as well as an additional notice of default that Currey had issued to Paul in June 2000, when she again ceased making payments. Paul moved for another suspension of payments for Currey's alleged deficiencies in reinstating her interest.

¶8     Following additional discovery, Paul moved for summary judgment on her counterclaims. Concluding there were disputed issues of material fact, the District Court denied the motion and all claims proceeded to trial on November 20, 2001. The court entered findings of fact, conclusions of law and an order on February 15, 2002, which concluded that Currey had failed to properly reinstate Paul to her interest in the property and was not entitled to forfeiture of Paul's interest; that Paul was entitled to reinstatement to the contract and to another suspension of her payments; and that, in accordance with Paul's counterclaims, Currey had violated the covenant of good faith and fair dealing, but that Paul had failed to prove any damages. The court also concluded that Currey was not entitled to damages, and thus, awarded damages to neither party.

¶9     On June 5, 2002, following denial of her motion to alter or amend, Paul filed a notice of appeal from the judgment, specifically referencing the District Court's earlier order denying her motion for summary judgment on her counterclaims. Currey filed a cross-appeal. Paul then provided written notification that a transcript of the trial would be

4

unnecessary for her appeal. Currey disagreed and moved the District Court to require Paul to obtain a transcript of the trial. The District Court conducted a hearing on the motion. Paul thereafter agreed to limit her issues on appeal to (1) "issues [that] relate only to the Summary Judgment proceedings and the record as it existed at that time," and (2) Currey's failure to offer the videotaped deposition of Duane Fagnon at trial. In response thereto, Currey withdrew his motion requesting that Paul provide a transcript, and also moved this Court to dismiss his cross-appeal, which this Court ordered on August 13, 2002.

## DISCUSSION

***Did the District Court err in denying Paul's motion for summary judgment on her counterclaims?***

¶10 As a preliminary matter, we must address the propriety of several issues which Paul has raised on appeal, and Currey's objection thereto. Currey asserts that Paul's briefing raises and argues issues which are beyond those which she represented she would raise on appeal. We agree. Paul argues that the District Court erred by failing to award her attorney fees and costs, and by failing to "apply the undisputed facts of this case to the unambiguous terms of the contract," an argument which inherently challenges the District Court's findings of fact and conclusions of law. Both of these arguments are beyond the issues Paul indicated she would raise, and upon which Currey relied and acted accordingly, withdrawing his motion for a transcript and dismissing his cross-appeal. Rule 9, M.R.App.P., contemplates that parties may limit the record on appeal to that which is necessary to the issues raised. However, we have declined to address an issue when a party fails to provide a transcript which is necessary for review thereof. *S.M. v. R.B.* (1993), 261 Mont. 522, 530-31, 862 P.2d

5

1166, 1171. We decline to address these issues, denominated in Paul's briefing as Issue 2 and Issue 4.

¶11 Currey also objects to Paul's Issue 1 on the same basis. Although we conclude that Issue 1, in which Paul asserts that the District Court failed to consider facts which were established in the proceeding prior to the first appeal and relied upon by this Court, is conceivably an issue falling within "the record as it existed at that time" of Paul's motion for summary judgment, and therefore, within the issues she designated for appeal, we nonetheless decline to reach the merits. Paul wholly fails to explain what previously established facts were ignored by the District Court, and what error resulted from this omission. "It is well settled that a district court's decision is presumed correct. . . . It is equally well settled that an appellant bears the burden of establishing error by the trial court." *Matter of M.J.W.*, 1998 MT 142, ¶ 18, 289 Mont. 232, ¶ 18, 961 P.2d 105, ¶ 18 (citation omitted). Paul has failed to carry her burden on her denominated Issue 1, and, therefore, we affirm.

¶12 Paul's remaining arguments fall within the stated dispositive issue, whether the District Court erred in denying her motion for summary judgment on her counterclaims for breach of contract. We review a District Court's grant or denial of summary judgment *de novo*. *Giambra v. Traveler's Indem. Co.*, 2003 MT 289, ¶ 9, 318 Mont. 373, ¶ 9, 78 P.3d 880, ¶ 9 (citing *Cole ex rel. Cole Revocable Trust v. Cole*, 2003 MT 229, ¶ 8, 317 Mont. 197, ¶ 8, 75 P.3d 1280, ¶ 8). We also review any legal conclusions concerning the grant or denial of summary judgment for correctness. *Giambra*, ¶ 9. The summary judgment movant must prove that no genuine issues of material fact exist, and that the movant is entitled to

6

judgment as a matter of law. *Cole*, ¶ 8. The District Court denied Paul's motion for summary judgment on her breach of contract counterclaims because it concluded there were genuine issues of material fact which precluded summary judgment on the claims. We agree.

¶13 Paul's counterclaims alleged that Currey had breached the contract by various acts. However, a review of the record reveals that material factual disputes remained in regard to these claims, and that Paul had not established that she was entitled to judgment as a matter of law. Paul claimed that Currey breached the contract by acting to foreclose the contract when the contract was not in default. However, the evidence, including the deposition of R.J. Sewell, Currey's attorney at that time, revealed a dispute over the material factual issue of whether Paul was in default at the time Currey engaged in the acts of foreclosure. Likewise, Paul alleged that Currey breached the contract by depriving her of her right to make payment as specified in the contract, but again, this issue is tied to the factual contentions about Paul's default status. Paul alleged that Currey breached the contract by his filing of the original complaint, after Paul had notified him that the notice of default was defective. However, the letter from Paul's then counsel, Steven Fagenstrom, to R.J. Sewell, advising Sewell of Paul's position regarding the notice of default, was dated July 23, 1996, one week after Currey had commenced litigation, revealing a dispute of material fact over timing. Paul counterclaimed that Currey had breached the contract by failing to comply with the District Court's order requiring reinstatement, but that issue required fact-finding which the District Court performed after hearing the witnesses at trial. Thereafter, the District Court concluded that Currey had failed to reinstate the contract as ordered, but also concluded that no damages had been proven by Paul. Finally, relying on a certificate of

7

survey, Paul claimed that Currey had breached the contract by obstructing the easement road. However, while a certificate of survey may serve to establish an easement's existence, it alone does not demonstrate the location of the actual road–which was asserted to be different than indicated on the survey–nor establish that Paul was entitled to judgment as a matter of law.

¶14     The many documents submitted by Paul in support of her request for summary judgment did not conclusively establish the facts she drew therefrom and insisted were without dispute. Further, it should be noted that the arguments made in Paul's District Court briefing on these issues were cursory summations of complicated issues, with minimal citation to authority.

¶15     On review, we cannot conclude that the District Court erred in denying Paul's motion for summary judgment and in requiring that Paul's counterclaims be adjudicated at trial. Therefore, the District Court's judgment is affirmed.

/S/ JIM RICE

We concur:

/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ PATRICIA O. COTTER