No. 02-731

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 322

GENTRY MONTANA ENTERPRISES, INC., a Montana Corporation,

Plaintiff, Counter-Defendant and Respondent,

v.

LEE McDONALD,

Defendant, Counter-Plaintiff and Appellant.

APPEAL FROM:     District Court of the Eleventh Judicial District,
In and for the County of Flathead, Cause No. DV 2001-691(a)
The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

William R. Baldassin, Baldassin & Associates, P.C., Missoula, Montana

For Respondent:

Randall A. Snyder, Snyder Law Office, P.C., Big Fork, Montana

Submitted on Briefs:  April 5, 2003

Decided:  November 16, 2004

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Lee McDonald (McDonald) appeals the judgment of the Eleventh Judicial District Court, Flathead County, granting Gentry Montana Enterprises, Inc.'s (Gentry) motion for summary judgment.

¶2     We address the following issues on appeal and affirm:

¶3     1.     Did the District Court err in granting Gentry's motion for summary judgment, thereby voiding McDonald's Judgment and Quiet Title Decree?

¶4     2.     Did the District Court err in finding that Gentry had a continuing right of redemption?

¶5     3.     Did the District Court err in denying McDonald's Motion to Compel and in granting Gentry's Motion for a Protective Order?

## FACTUAL AND PROCEDURAL BACKGROUND

¶6     Gentry purchased Spotted Bear Ranch, an outfitting business, described as improvement number 226, and located on Forest Service Land, S17, T25, R15 (the Property). Gentry has operated this business since 1994 by way of a special use permit granted to it by the United States Forest Service.

¶7     In 1998, Flathead County assessed taxes on the Property. These taxes went delinquent and the Property went up for tax sale. Flathead County became the purchaser of the Property when nobody purchased the tax lien. However, McDonald, thereafter paid Flathead County the delinquent tax amount and was assigned Flathead County's interest in the Property in April 1998.

¶8     In May 1998, McDonald published notice that a tax deed may issue, listing Flathead County as the purchaser and himself as the assignee. Notice was sent to Wildlife

Development Federation of North America (Wildlife), the record property owner, but not to Gentry, the occupant.

¶9 In August 1998, Flathead County issued McDonald a tax deed to the Property, as nobody responded to McDonald's previous notice. Thereafter, McDonald moved to quiet the title, naming Wildlife as a defendant. Service on Wildlife proved unsuccessful, so McDonald also published notice in Flathead County's newspaper, the *Daily Interlake*, regarding his motion to quiet the title to the Property. Again nobody responded, default was taken, and the District Court in August 1999 found that McDonald was entitled to quiet enjoyment of the Property. A decree was entered stating that McDonald was the owner in fee simple on August 6, 1999.

¶10 Gentry, claiming that it had not received notice as the current occupant of the Property, thereafter moved to void this decree. McDonald, in response, moved to compel discovery so as to defend Gentry's other motion seeking a protective order. The District Court granted Gentry's Motion for a Protective Order, thereby halting the discovery process pending its determination of Gentry's motion for summary judgment. Ultimately, the District Court granted Gentry's motion for summary judgment, and voided McDonald's quiet title decree, on the basis that Gentry was not given notice as required under § 15-18-212, MCA.

¶11 McDonald now appeals the District Court's judgment. Additional facts will be discussed as they become applicable in the following analysis.

**STANDARD OF REVIEW**

¶12    We review a district court's grant or denial of a motion for summary judgment *de novo*. *Cole ex rel. Revocable Trust v. Cole*, 2003 MT 229, ¶ 8, 317 Mont. 197, ¶ 8, 75 P.3d 1280, ¶ 8. The movant must prove that no genuine issues of material fact exist. Once the movant demonstrates this, the burden shifts to the nonmoving party to prove that a genuine issue of material fact does exist. After a district court determines that no genuine issues of material fact exist, the district court must then determine whether the movant is entitled to judgment as a matter of law. *Cole*, ¶ 8. We review a district court's legal conclusions for correctness. *Cole*, ¶ 8.

**DISCUSSION**

¶13    **1.    Did the District Court err in granting Gentry's motion for summary judgment, thereby voiding McDonald's Judgment and Quiet Title Decree?**

¶14    Both McDonald and Gentry argue separately issues that we believe are best addressed under the one issue of whether the District Court erred in granting Gentry's motion for summary judgment. However we set out their respective arguments in the following analysis as each was presented separately in their respective briefs.

**Genuine Issues of Material Fact**

¶15    McDonald argues that several genuine issues of material fact remained at the time the District Court granted Gentry's motion for summary judgment. According to McDonald, these issues include: (1) Gentry's status as an owner of the Property and an occupant of the Property; (2) the existence of a street address or other known address for the Property; and (3) McDonald's diligence regarding his inquiry about the owner of the Property. Because

4

these issues remain, McDonald argues that the District Court erred in granting Gentry's motion for summary judgment.

¶16    Gentry argues that McDonald cannot determine whether Gentry is or is not an occupant on the Property.  In support of its argument, Gentry directs this Court to McDonald's admission that Gentry purchased the Property and has been operating the ranch since 1994.  Yet, given this admission, McDonald denied that Gentry occupied the Property. These "transparent contradictions," Gentry argues, do not create genuine issues of material fact, just as the District Court found.  In addition, Gentry argues that the street address for the Property "was not and is not a fact issue," as McDonald raises this issue for the first time now on appeal.  Also, Gentry argues that under Rule 4D of the Montana Rules of Civil Procedure, evidence of diligence is not required and no such evidence was presented to the court regarding this issue.  Hence, Gentry argues, that the District Court did not err in finding that no genuine issues of material fact existed and, thereby, in granting Gentry summary judgment.

**Judgment as a Matter of Law**

¶17    McDonald maintains that Gentry was not entitled to judgment as a matter of law because:  (1) the assignment certificate and accompanying notice complied with § 15-17-323, MCA ; (2) the published and mailed notices complied with § 15-18-212, MCA; (3) the proof of notice complied with § 15-18-212(7), MCA, and § 15-18-216, MCA; and (4) the tax deed satisfies the requirements of § 15-18-211, MCA.

5

¶18    Gentry responds that McDonald simply failed to notify Gentry, as the current occupant of the Property, as required by § 15-18-212, MCA. And, as such, Gentry argues that whatever notices McDonald did serve were deficient and the tax deed issued to him is therefore void.

**Voiding of McDonald's Judgment and Quiet Title Decree**

¶19    McDonald first notes that the redemption period for tax sales "expires either three years after the first day of the tax sale, or sixty days after giving notice that a tax deed may issue, whichever is later." As such, McDonald argues that Gentry's right of redemption expired on July 17, 1998, and the District Court erred in concluding that Gentry had a continuing right to redeem. In addition, McDonald argues that the requisite notices he filed comported with statutory requirements.

¶20    Gentry argues that McDonald neither notified the occupant of the Property regarding the fact that a tax deed may issue, nor did he file the proper proof of notice regarding the same. As such, Gentry contends that the District Court was correct in concluding that the notices and proof of notice were deficient and the tax deed was void.

¶21    Before we address the issue of whether the District Court erred in granting Gentry's motion for summary judgment, we must first address whether McDonald was mandated by statute to give Gentry notice initially.

¶22    Section 15-18-212(1)(a), MCA, states that notice must be given:

> for each property for which there has been issued to the county a tax sale certificate or for which the county is otherwise listed as the purchaser or assignee, the county clerk shall *notify all persons considered interested parties in the property and the current occupant of the property*, if any, that a tax deed

6

may be issued to the county unless the property tax lien is redeemed prior to the expiration date of the redemption period. [Emphasis added.]

¶23 Whereas, § 15-18-212(1)(b), MCA, states that notice must be given:

for each property for which there has been issued a tax sale certificate to a purchaser other than the county or for which an assignment has been made, the purchaser or assignee, as appropriate, shall *notify all persons considered interested parties in the property*, if any, that a tax deed will be issued to the purchaser or assignee unless the property tax lien is redeemed prior to the expiration date of the redemption period. [Emphasis added.]

¶24 However, § 15-18-212(4), MCA, states:

*The notice required under subsection[] (1) . . . must be made by certified mail*, return receipt requested, *to each interested party and the current occupant*, if any, of the property. The address to which the notice must be sent is, for each interested party, the address disclosed by the records in the office of the county clerk and, for the occupant, the street address or other known address of the subject property. [Emphasis added.]

¶25 Flathead County assigned its right to the Property to McDonald. As such, § 15-18-212(1)(b), MCA, applies. Interestingly, that section does not require notice to be given to current occupants, although that language appears in subsection (1)(a). However, regardless of this discrepancy, we note here that § 15-18-212(4), MCA, states both clearly and explicitly that the notice required under subsection (1)--inclusive of subsections (a) and (b)--must be made to each interested party **and** the current occupant. Further, we have held that "[e]very essential and material step required by the tax deed statutes must be strictly followed," given that an owner risks losing his or her property for a "mere pittance," should these statutes not be followed strictly. *Moran v. Robbin* (1993), 261 Mont. 478, 482-83, 863 P.2d 395, 397-98. To that end, we conclude that McDonald was mandated by statute to give Gentry notice. We proceed with our analysis of that notice on that basis.

7

¶26 Again, § 15-18-212(4), MCA, states that notice must be given to the current occupant of the property by certified mail, with the notice being sent to the occupant at the street address or other known address for the subject property. While McDonald argues that both Gentry's status as the current occupant of the Property and the address of the Property are questions of material fact, the District Court found to the contrary. Indeed, the District Court found:

> Defendant [McDonald] does not deny that he failed to notify the occupant of the property, but offers excuses as to why he didn't. Defendant suggests that somehow Plaintiff [Gentry] was not the property occupant, although that fact is not in dispute. Defendant suggests that there is no street address for Spotted Bear Ranch, thus notice couldn't have been mailed and that notice via general delivery would be ineffective. None of these are statutory excuses. There was no attempt to notify the occupant which the statute requires, whether effective or not.

¶27 Review of the records shows that in McDonald's Answer to Gentry's Complaint, McDonald admitted that: (1) "in December 1994, Plaintiff [Gentry] purchased an outfitting business;" (2) "Plaintiff has continued to operate the outfitting business from 1994 through the date of its [Gentry's] Complaint;" and (3) Plaintiff has acquired and maintained a special use permit. Even more telling is McDonald's answer to the following allegation, as articulated in Gentry's Complaint:

> 3. Flathead County assessed property taxes upon the buildings and improvements of Spotted Bear Ranch, described as "improvement number 226 on Forest Service land, located in S17, T25, R15 Flathead County, Montana. Plaintiff [Gentry] did not receive any notice of tax assessment nor of taxes due. These taxes therefore went delinquent.

¶28 In response to Gentry's above-quoted allegation, McDonald stated:

8

3. In response to Paragraph 3 of Plaintiff's Complaint on file herein *McDonald admits that Flathead County assessed the taxes as alleged in Plaintiff's Complaint* but denies that Plaintiff did not receive notice of the assessment and further denies that this was the reason the taxes went delinquent. [Emphasis added.]

¶29 As is evident from the above-quoted language, the District Court was correct in finding that Gentry's status as the occupant of the Property was "not in dispute." McDonald admitted that he was aware that Gentry had been and currently was operating an outfitting business. McDonald also admitted that he was aware that Flathead County had assessed taxes as alleged in Gentry's Complaint, namely that "Flathead County assessed property taxes upon the buildings and improvements of Spotted Bear Ranch," located on Forest Service Land in S17, T25, R15 of Flathead County.

¶30 Under § 15-18-212(4), MCA, McDonald was mandated to give notice to Gentry, as the current occupant of the Property, that a tax deed may issue. McDonald admittedly knew that Gentry was the occupant and where Gentry was located, and McDonald simply did not provide the requisite notice. Accordingly, we hold that the District Court was correct in voiding McDonald's quiet title decree and in granting Gentry summary judgment, as no genuine issues of material fact existed and Gentry was entitled to judgment as a matter of law.

¶31 **2. Did the District Court err in finding that Gentry had a continuing right of redemption?**

¶32 McDonald argues that because the tax deed was executed and issued to him on August 18, 1998--more than three years after the applicable tax sale on July 11, 1995--his title to the Property became absolute on August 18, 1998. And, as such, McDonald argues

9

that Gentry's time to redeem expired, as Gentry "no longer had standing to challenge the tax deed on the basis of an alleged error in the deed itself. . . ." Therefore, McDonald argues that with no right of redemption, Gentry's claim to title of the Property also expired, and Gentry could not invalidate the tax deed because he could not quiet title.

¶33 Gentry first argues that this Court should not address McDonald's arguments regarding the quiet title decree, as he raises his arguments now for the first time on appeal. In the alternative, Gentry argues that "even as an occupant or unrecorded 'interest holder,'" it had a right of redemption, as the right of redemption "continues indefinitely until proper notice is given." In addition, Gentry argues that McDonald's reliance on § 15-18-413, MCA, "as an absolute cure" is misplaced, given that this Court previously noted in *Hudson v. McDonald* (1987), 229 Mont. 426, 747 P.2d 221, that "[t]he focus of this appeal is the propriety of the procedure *before* the issuance of the tax deed, not after. A curative statute cannot validate a void tax deed." Further, Gentry argues that McDonald's affidavit for published summons was inadequate under Rule 4(D)(5)(c) of the Montana Rules of Civil Procedure because McDonald did not conduct a diligent search for all persons claiming title. Therefore, Gentry argues that the District Court "correctly concluded that the quiet title court lacked jurisdiction and the prior quiet title decree was void."

¶34 We have held that a county is without jurisdiction to issue a tax deed if the statutory requirements for notice that a tax deed may issue are not followed. *Moran*, 261 Mont. at 483, 863 P.2d at 398. Hence, because we hold that the District Court was correct in voiding McDonald's quiet title decree given that Gentry did not receive adequate notice that a tax

10

deed may issue, it follows that Flathead County was without jurisdiction to issue McDonald the quiet title decree. As a result, Gentry's right to redeem continued, and the District Court did not error in finding the same.

¶35 **3. Did the District Court err in denying McDonald's Motion to Compel and in granting Gentry's Motion for a Protective Order?**

¶36 McDonald argues that because of the District Court's denial of his Motion to Compel, he was not afforded the opportunity to conduct "any" discovery. Such a ruling, McDonald contends, is in error, as the "Montana Rules of Civil Procedure make no provision for avoiding or tolling discovery while a motion for judgment on the pleadings is pending," nor do the "Rules of Evidence contain any provision that define 'relevance' as contingent upon a court's ruling on a motion for summary judgment."

¶37 Gentry argues that McDonald did not preserve the above-articulated argument on appeal, as he did not "expressly appeal the district court's protective order of May 30, 2002." As such, Gentry contends that this Court cannot review or rule upon the District Court's Order, given that McDonald did not attach the Order, nor did he make any references to the Order. And, even assuming that McDonald did preserve his right to appeal the District Court's Order, Gentry argues that because McDonald did not properly raise before the District Court the issue he raises here by attaching a copy of his discovery, McDonald's argument is still procedurally barred from this Court's review.

¶38 Rule 9(a) of the Montana Rules of Appellate Procedure states:

> The original papers and exhibits filed in the district court, *the transcript of proceedings*, if any, and a certified copy of the docket entries prepared by the clerk of the district court shall constitute the record on appeal in all cases. *It*

11

*is the duty of a party seeking review of a judgment, order or proceeding to present the supreme court with a record sufficient to enable it to rule upon the issues raised.* Failure to present the court with a sufficient record on appeal may result in dismissal of the appeal and/or the imposition of some other appropriate sanction. [Emphasis added.]

¶39 Review of the record reveals that upon Gentry's Motion for a Protective Order and McDonald's response therein, the District Court found that "pending a ruling on Plaintiff's [Gentry's] Motion for Summary Judgment, Plaintiff is excused from responding to discovery." Nowhere in the record does McDonald provide this Court with the actual Interrogatories and Requests for Production that he served upon Gentry. Hence, we cannot review McDonald's claim that because he could not conduct discovery he thereby could not adequately defend Gentry's contentions during oral argument on its summary judgment motion. We are at a loss as to what facts McDonald wished to discover. It is McDonald's burden to provide this Court with a sufficient record to enable us to address the issue he raises here. McDonald did not meet this burden. Accordingly, we do not address his argument here.

¶40 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ JIM REGNIER
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE