No. 04-045

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 351

CRANE CREEK RANCH, INC.,

        Plaintiff and Appellant,

    v.

PAUL CRESAP,

        Defendant and Respondent.

APPEAL FROM:    District Court of the Seventh Judicial District,
                  In and for the County of Richland, Cause No. DV 2000-24
                  The Honorable David Cybulski, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Gary L. Jackson, Attorney at Law, Sidney, Montana; Gene R. Jarussi, Jarussi & Bishop, Billings, Montana

        For Respondent:

                Fred E. Whisenand and Ken G. Hedge, Crowley, Haughey, Hanson, Toole & Dietrich, Williston, North Dakota

                              Submitted on Briefs:  June 15, 2004

                                      Decided:  December 14, 2004

Filed:

                        _____
                                  Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1      Crane Creek Ranch, Inc. (Crane Creek) appeals the judgment of the Seventh Judicial District Court, Richland County, granting Paul H. Cresap's (Cresap) Motion for Summary Judgment. We affirm.

¶2      We address the following issue on appeal: Did the District Court err in granting Cresap's Motion for Summary Judgment, thereby finding that Cresap was not liable of negligent misrepresentation?

## FACTUAL AND PROCEDURAL BACKGROUND

¶3      Crane Creek participated as a bidder in a sealed auction for the sale of certain real property in Richland County owned by Diane Sorenson (Sorenson) and her three children. Paul H. Cresap (Cresap), Sorenson's attorney, prepared the written auction instructions provided to Crane Creek and to Marvin and Ervin Goss (the Goss brothers) as potential bidders.

¶4      The bidding instructions stated that Sorenson retained the right to reject all bids below $270,000.00. However, undisclosed was the fact that Sorenson had determined that $270,000.00 was the minimum amount she would take for the property. Nowhere in the bidding instructions did Cresap list $270,000.00 as the minimum bid. The instructions also stated that any bidder present at the sale would have the option of raising a bid, so long as that bidder raised the bid by five percent of the highest bid.

¶5      Crane Creek bid $248,000.00 in its sealed bid. Sorenson rejected this bid. The Goss brothers bid $305,560.00 in their sealed bid. Once this occurred, Cresap advised Crane Creek that it was no longer considered a bidder because it had not met the $270,000.00

2

minimum bid requirement, and therefore Crane Creek could not raise its bid. Thereafter the sale of the property to the Goss brothers was completed.

¶6     Crane Creek filed an action against Cresap and Sorenson, asserting claims for specific performance, fraud, negligent misrepresentation, and deceit. Crane Creek then moved for partial summary judgment, and Cresap moved for summary judgment in his favor on all claims against him. The District Court denied Crane Creek's motion and granted Cresap's motion. Thereafter, a stipulation and order for dismissal with prejudice for all remaining claims against Sorenson was signed by the parties and filed with the court.

¶7     In granting Cresap's Motion for Summary Judgment, the District Court found that the basic facts surrounding the bidding process were undisputed, and that the sale was properly completed to the highest bidder. Thus, it concluded that there was no factual basis for recovery against Cresap. Crane Creek appeals from the District Court's grant of Cresap's Motion for Summary Judgment.

**STANDARD OF REVIEW**

¶8     We review a district court's grant or denial of a motion for summary judgment *de novo*. *Cole ex rel. Cole Revocable Trust v. Cole*, 2003 MT 229, ¶ 8, 317 Mont. 197, ¶ 8, 75 P.3d 1280, ¶ 8. The movant must prove that no genuine issues of material fact exist. Once the movant demonstrates this, the burden shifts to the non-moving party to prove that a genuine issue of material fact does exist. After a district court determines that no genuine issues of material fact exist, the district court must then determine whether the movant is

3

entitled to judgment as a matter of law. *Cole*, ¶ 8. We review a district court's legal conclusions for correctness. *Cole*, ¶ 8.

## DISCUSSION

¶9 Crane Creek argues that the District Court erred in granting Cresap's Motion for Summary Judgment because: (1) the written and oral representations made by Cresap "were incomplete and misleading as to critical terms of the auction that were established and in existence at the time the representations were made;" (2) it relied both upon the "unqualified written representation about oral bidding made by Cresap in the Instructions, in formulating and submitting its initial sealed bid," and upon Cresap's representation that it would be allowed a recess; and (3) "Cresap's misrepresentations and failure to disclose [rules essential to the auction process] were certainly a substantial factor in bringing about Crane Creek's loss of the opportunity to orally bid on the property, and its resulting damages."

¶10 Cresap responds first that this Court should not review Crane Creek's argument, as Crane Creek raises its negligent misrepresentation argument for the first time now on appeal. However, in the alternative, Cresap argues that "Crane Creek has not offered any legal authority supporting its apparent position that Paul [Cresap], the attorney for Diane [Sorenson], somehow owed a duty of care to Crane Creek, one of the potential purchasers of Diane's property and a potential adverse party." We conclude this argument is determinative of the question before us.

¶11 As a general rule, an attorney's duty of loyalty runs to his client, and not to third parties with whom he has no agency relationship. *See Rhode v. Adams*, 1998 MT 73, 288

4

Mont. 278, 957 P.2d 1124. Crane Creek was at all times aware that Cresap was acting as Sorenson's attorney in these proceedings, and that he prepared the auction instructions in that capacity. It has presented no factual basis or legal authority to support its contention that Cresap owed an independent duty of due care to it, as opposed to his client Sorenson.

¶12    It is also well established in Montana that the attorney-client relationship is an agency relationship. *Smith v. Fladstol* (1991), 248 Mont. 18, 19, 807 P.2d 1361, 1362. Here, Cresap was acting at all times as attorney and agent for Sorenson, his principal. Under § 28-10-602, MCA, the *principal* will be held liable to third persons for the negligent acts of her agents. An agent, on the other hand, is not liable to third persons for acts performed in the course of his agency unless, with the consent of his principal, he receives personal credit for a transaction, he enters into a written contract in the name of his principal without believing in good faith he has the authority to do so, or his acts are wrongful in their nature. Section 28-10-702, MCA.

¶13    The allegations against Cresap spring from Crane Creek's contention that he made written and oral misrepresentations that resulted in Crane Creek's damages. See ¶ 10. There is no allegation that Cresap engaged in an independent wrong outside the scope of his agency relationship with Sorenson. Thus, under the provisions of § 28-10-702, MCA, Cresap, as Sorenson's agent, cannot be held individually liable to Crane Creek, a third party; any negligence on his part while acting in the scope and discharge of his duties as Sorenson's agent, would be imputed to Sorenson under § 28-10-602, MCA.

5

¶14   As noted above, Crane Creek dismissed its cause of action against Sorenson with prejudice.  Under the principles set forth above, it would be Sorenson and not Cresap who would be liable for Cresap's negligent acts undertaken in his capacity as her attorney and agent.  There is simply no factual or legal basis for holding Cresap directly liable to Crane Creek.  Therefore, we conclude the District Court did not err in granting summary judgment in favor of Cresap.

¶15   We disagree with the basis for the District Court's summary judgment order.  However, as we have frequently done in the past, we will affirm a district court's correct conclusion even when that conclusion may have been reached for the wrong reason.  *Essex Ins. Co. v. Jaycie, Inc*., 2004 MT 278, ¶ 16, 323 Mont. 231, ¶ 16, 99 P.3d 651, ¶ 16.

¶16   Affirmed.

/S/ PATRICIA O. COTTER

We Concur:

/S/ KARLA M. GRAY

/S/ JOHN WARNER
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JIM REGNIER

6