**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FLAGSTONE DEVELOPMENT, LLC, an Arizona limited liability company and LAWRENCE A. HEATH, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> WAYNE JOYNER; et al., <br><br> Defendants - Appellees. | No. 12-35407 <br><br> D.C. No. 1:08-cv-00100-RFC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Senior District Judge, Presiding

Argued and Submitted October 7, 2013
Portland, Oregon

Before: SILVERMAN, W. FLETCHER, and CALLAHAN, Circuit Judges.

Appellants Flagstone Development, LLC ("Flagstone") and its owner,

Lawrence A. Heath, appeal from the district court's grant of summary judgment in

favor of the defendant-appellees Rocky Mountain Timberland ("RMT"), its owner,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Wayne Joyner, and its operator, Justin Joyner, in this contract dispute over the purchase of a 13,000-acre tract of real property (a historic cattle ranch, the "30-Mile Ranch") located in Musselshell County, Montana. Flagstone also appeals the district court's grant of summary judgment in favor of a finance corporation, two real estate brokers, and an escrow agent on theories of slander and defamation, tortious interference with contract, civil conspiracy, and breach of fiduciary duty. In addition, Flagstone appeals the district court's exclusion of expert testimony regarding estimated lost profits.

We reverse and remand the district court's grant of summary judgment in favor of appellees RMT and the Joyners on the issue of breach of contract.[1] We affirm the district court's grants of summary judgment in favor of Developer Finance Corporation ("DFC") on the charges of slander and defamation; Jake Korell and his company Landmark of Billings, Inc. (collectively, "Korell") on charges of civil conspiracy and tortious interference; Jon Ussin, d/b/a U Bar S Real Estate (collectively, "Ussin"), on charges of civil conspiracy and tortious interference; and American Title & Escrow ("AT&E") on charges of civil conspiracy, tortious interference, negligence and breach of fiduciary duty. We also

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

2

affirm without prejudice the district court's grant of AT&E's motion to exclude an expert report offered by Flagstone.

**1.** Because there are material issues of fact as to whether Flagstone had abandoned the contract between Flagstone and RMT at the time that RMT sold the 30-Mile Ranch to a third party, the summary judgment by the district court in favor of RMT and the Joyners was premature. Under Montana law, whether or not a contract is abandoned has been viewed as an issue for a trier of fact; this is especially true where the material terms of the contract are contested. *See Payne Realty & Hous., Inc. v. First Sec. Bank*, 844 P.2d 90, 94 (Mont. 1992).

Here, there are multiple disputed material facts that make summary judgment premature. Shortly after RMT and Flagstone entered into the buy/sell contract, unforeseen problems arose regarding the transaction, including, for example, increased road construction costs, a lack of potable water, and the decline of the real estate market. There is a dispute over whether these factors were fatal to the financial viability of the project and whether or not Flagstone would be able to get financing to complete the sale. Further, there is a dispute as to whether RMT was performing its obligations under the contract to obtain initial government approval for subdivision; or, was instead subverting Flagstone's role as future owner and entering into development plans as the principal, with a view towards

3

finding a more advantageous deal for itself. The record reflects that the parties had executed three addendums to the contract within four months of its execution. Thus, there is no clarity as to the parties' reasonable expectations in January 2008 when Flagstone allegedly sought to further renegotiate the terms of the contract. There does not appear to have been any clear statement of abandonment by Flagstone, nor does the record clearly show that the deal was "fatally flawed" for financial reasons. Accordingly, the grant of summary judgment as to the breach of contract issue was premature, and we reverse and remand on that issue.

**2.** We affirm the district court's grant of summary judgment on Flagstone's slander and defamation claims because the statements at issue, even if they were false, were not capable of bearing a defamatory meaning.[2]

Under Montana law, the test for defamation is stringent; for defamation words to be actionable, they must be of such a nature that the court can presume as a matter of law that they will tend to disgrace and degrade the plaintiff or cause him to be shunned and avoided; further, mere opinion is not actionable. *McConkey*

---

[2] In order for allegedly slanderous statements to be actionable under Montana law, they must be capable of bearing a defamatory meaning. *McConkey v. Flathead Electric Coop.*, 125 P.3d 1121, 1130 (Mont. 2005).

*v. Flathead Electric Coop.*, 125 P.3d 1121, 1130-31 (Mont. 2005) (citing *Frigon v. Morrison-Maierle, Inc.*, 760 P.2d 57, 62 (Mont. 1988)).

Here, the record is clear that the statements that are the basis of this claim were mostly opinion. To the extent that they were not opinion, they did not as a matter of law tend to disgrace or degrade. Therefore, we affirm summary judgment in favor of DFC.

**3.** As to the claims of tortious interference that Flagstone brought against escrow agent AT&E and real estate brokers Ussin and Korell, we find that even if there was a valid contract in place at the time of the sale of the 30-Mile Ranch to Powers, the claims of tortious interference cannot survive summary judgment.

Under Montana law, tortious interference with contract or economic advantage requires an intentional and willful act, calculated to cause damage to the plaintiff in his business, with the purpose of causing damage, without right or justifiable cause, and resulting in actual damages and loss. *Randolph V. Peterson, Inc. v. J.R. Simplot Co.*, 778 P.2d 879, 884 (Mont. 1989). Even if there was in fact a valid contract between Flagstone and RMT, the real estate brokers were entitled to rely on assurances by RMT and its attorney that the contract with Flagstone had been terminated, and AT&E's involvement was limited to the narrow terms of the escrow agreement. In addition, the record simply does not show the requisite

commission of an intentional and willful action calculated to cause damage by either of the brokers or by the escrow agent.  Therefore, we affirm the district court's grant of summary judgment as to all tortious interference claims.

**4.**  We also affirm the district court's grant of summary judgment as to the civil conspiracy charges levied against the two real estate brokers and against the escrow agent.  Under Montana law, civil conspiracy requires a showing of more than one person agreeing to act for an unlawful purpose with one or more unlawful overt acts, resulting in damages.  *Schumacker v. Meridian Oil*, 956 P.2d 1370, 1373 (Mont. 1998).

**a.**  The grant of summary judgment in favor of Ussin on the civil conspiracy charge is affirmed because Ussin was the agent of Powers, and Flagstone has not challenged the grant of summary judgment as to Powers.  Accordingly, because Powers is not liable, neither is Ussin.  *See* Mont. Code Ann. § 28–10–602; *see also Crane Creek Ranch, Inc. v. Cresap*, 103 P.3d 535, 537 (Mont. 2004) ("An agent . . . is not liable to third persons for acts performed in the course of his agency unless, with the consent of his principal, he receives personal credit for a transaction, he enters into a written contract in the principal's name without believing in good faith belief he has the authority to do so, or his acts are wrongful in their nature.").

6

**b.** In addition, as to Korell and AT&E, the record is devoid of any evidence of an unlawful overt act and damages. The real estate brokers and escrow agent were entitled to rely upon RMT's representations that the contract with Flagstone had been terminated. Thus, summary judgment was appropriate as to the civil conspiracy claims against the brokers and escrow agent.

**5.** Further, the district court was correct to conclude that there was no genuine issue of material fact regarding the claims against the escrow agent, AT&E, for negligence and breach of fiduciary duty. Montana law limits the fiduciary duty of an escrow agent to the narrow terms of the escrow contract. *Brandt v. Sande*, 1 P.3d 929, 933 (Mont. 2000). Here, no reasonable trier of fact could conclude that AT&E breached any of the terms of its escrow contract with Flagstone.

**6.** We find that Flagstone has not carried its burden of showing that the district court abused its discretion in granting a motion to exclude its expert report on damages. *See United States v. Serang*, 156 F.3d 910, 915 (9th Cir. 1998). The district court rejected the report, finding that it offered no independent basis for its calculations, which appeared to have been copied from financial projections created before several costly development issues were uncovered.

7

However, on remand, Flagstone is free to seek reconsideration by the district court or to proffer further expert reports on damages.

For the above-stated reasons, (1) we reverse the district court's grant of summary judgment on the breach of contract issue and remand for further proceedings, and (2) we otherwise affirm the district court's orders challenged in this appeal.

Flagstone Development, LLC, Lawrence A. Heath, Rocky Mountain Timberland, and Wayne and Justin Joyner shall each bear its own costs on appeal. Flagstone Development, LLC and Lawrence A. Heath shall bear the costs of Developer Finance Corporation, Jake Korell, Landmark of Billings, Inc., Jon Ussin, d/b/a U Bar S Real Estate and American Title & Escrow on appeal.

**REVERSED AND REMANDED IN PART**, **AFFIRMED IN PART, AND AFFIRMED WITHOUT PREJUDICE IN PART.**