FILED

11/28/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0241

DA 17-0241

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 292

JENNIFER TEETER,

       Plaintiff and Appellee,

  v.

MID-CENTURY INSURANCE COMPANY,
a Stock Insurance Company,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
                 In and For the County of Ravalli, Cause No. DV 2015-53
                 Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              James D. Johnson, Williams Law Firm, P.C., Missoula, Montana

       For Appellee:

              Jeffrey B. Hays, Hays & Hays, P.L.L.P., Hamilton, Montana

Submitted on Briefs:  October 25, 2017

Decided:  November 28, 2017

Filed:

_____
                   Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Mid-Century Insurance Company (Mid-Century) appeals the Opinion and Order of the Twenty-First Judicial District Court, Ravalli County, granting Jennifer Teeter's (Teeter) motion for summary judgment.  We reverse and remand.

¶2     We restate the issue on appeal as follows:

*Whether the District Court erred in granting Teeter's motion for summary judgment under §§ 33-18-201(6) and (13), MCA, concluding that no disputed issues of material fact existed regarding causation and damages.*

### FACTUAL AND PROCEDURAL BACKGROUND

¶3     This case arises from a motor vehicle accident in Missoula, Montana, on May 30, 2014.  Derek Colberg (Colberg) rear-ended Plaintiff Teeter's vehicle on Brooks Street.  Mid-Century insured Colberg.  The officer who arrived at the scene concluded Colberg was responsible for the crash and cited him for careless driving.

¶4     Later that day, Teeter sought medical treatment for possible injuries from the crash.  The treating physician diagnosed Teeter with whiplash and a right shoulder strain.  Following her diagnosis, Teeter saw several health care professionals to treat her physical and psychological injuries including a chiropractor, neurologist, physical therapist, counselor, and masseuse.

¶5     Immediately after the accident Teeter retained counsel demanding advance payment of medical costs from Mid-Century.  Mid-Century determined its insured Colberg was responsible for the accident and made several advance payments to Teeter for her medical expenses and lost wages.  Mid-Century paid in advance $53,347.97 from

2

May 30, 2014, until December 2014. In November 2014, Mid-Century sought Teeter's past medical records and asked Teeter to undergo an independent medical examination (IME) to determine if the ongoing medical expenses were related to the accident. Teeter refused both requests. In December, Mid-Century had Dr. Lennard Wilson conduct a records review of Teeter's post-accident medical records. Mid-Century discontinued Teeter's advance payments based on Dr. Wilson's opinion that Teeter's ongoing expenses were no longer causally related to the accident.

¶6 On February 17, 2015, Teeter filed a declaratory action against Mid-Century seeking payment of medical expenses and lost wages incurred after December 16, 2014. During discovery, Mid-Century obtained two IMEs of Teeter. The first IME was with forensic psychiatrist Dr. William Stratford on March 15 and 16, 2016. Dr. Stratford concluded that Teeter's symptoms were almost entirely a psychological issue. The second IME was with board-certified orthopedist Dr. Emily Heid on March 22, 2016. Dr. Heid determined that there was no physiological basis for Teeter's pain complaints.

¶7 On June 23, 2016, Teeter filed her motion for summary judgment arguing that there is no dispute of material facts that Colberg's liability is reasonably clear and that Teeter's medical expenses and lost wages were causally related to the accident. The following day, Mid-Century filed its own motion for summary judgment.[1] Mid-Century argued that the opinions of Dr. Wilson, Dr. Heid, and Dr. Stratford (collectively, the Doctors) provided objective evidence establishing a reasonable debate regarding whether

---

[1] Additionally, Mid-Century filed a motion in limine which was granted in part and denied in part by the District Court's December 30, 2016 Opinion and Order. However, Mid-Century does not appeal the District Court's ruling on its motion in limine.

3

Teeter's ongoing medical expenses and wage losses were causally related to the accident. Further, Mid-Century maintained that a declaratory action was inappropriate since there was a clear dispute of fact that should be resolved by a jury in a tort action.

¶8 On August 23, 2016, the District Court held oral arguments on the cross-motions for summary judgment. On December 30, 2016, the District Court issued its sixty-nine-page Opinion and Order. The District Court determined the following: (1) a declaratory action was appropriate to resolve narrow issues of fact regarding medical causation and damages; (2) Teeter's sworn statement combined with her treating providers' affidavits made a prima facie showing that it is reasonably clear that her medical expenses and wage losses are causally related to the accident; (3) the opinions of the Doctors did not create a disputed issue of material fact as to medical causation and damages; and (4) the Doctors lacked foundation.

¶9 Following the District Court's Opinion and Order, Teeter petitioned for supplemental relief seeking fees and costs. Mid-Century objected to the petition. On March 23, 2017, the District Court granted Teeter's petition and ordered Mid-Century to pay Teeter's unpaid medical expenses, lost wages, medically related mileage, attorney fees and costs. Mid-Century appeals the District Court's order granting Teeter summary judgment and the award of fees and costs.

**STANDARD OF REVIEW**

¶10 We review a district court's grant of summary judgment de novo, applying the same criteria of M. R. Civ. P. 56 as the district court. *Pilgeram v. GreenPoint Mortg. Funding, Inc.*, 2013 MT 354, ¶ 9, 373 Mont. 1, 313 P.3d 839. We review a district

4

court's conclusions of law to determine whether they are correct and its findings of fact to determine whether they are clearly erroneous. *Pilgeram*, ¶ 9. Under Rule 56(c), summary judgment will be granted if the moving party can show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Roe v. City of Missoula*, 2009 MT 417, ¶ 14, 354 Mont. 1, 221 P.3d 1200.

## DISCUSSION

¶11 *Whether the District Court erred in granting Teeter's motion for summary judgment under §§ 33-18-201(6) and (13), MCA, concluding that no disputed issues of material fact existed regarding causation and damages.*

¶12 Mid-Century argues the District Court erred in granting summary judgment to Teeter because it was not reasonably clear that the medical expenses and wage losses were causally related to the accident. Further, Mid-Century maintains that the issues of fact as to causation and damages should be resolved by a jury in a tort action. Lastly, Mid-Century argues that the District Court erroneously disregarded the opinions of the Doctors.

¶13 Teeter counters that the District Court properly granted summary judgment because there was no issue of material fact as to causation and damages. Further, Teeter counters that the declaratory action is the appropriate method to resolve this case. Finally, Teeter contends the District Court properly disregarded the opinions of Mid-Century's Doctors because they provided unsworn testimony and lacked foundation.

¶14 The Montana Uniform Declaratory Judgments Act provides the following:

Any person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by statute, municipal ordinance, contract or franchise may have

5

determined any question of construction or validity arising under the instrument, statute, ordinances, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.

Section 27-8-202, MCA. Thus, a declaratory action is appropriate to "afford relief from uncertainty with respect to rights, status and other legal relations." *Tarlton v. Kaufman*, 2008 MT 462, ¶ 33, 348 Mont. 178, 199 P.3d 263. "A declaratory proceeding is primarily intended to determine the meaning of law or a contract and to adjudicate the rights of the parties therein, but not to determine controversial issues of fact such as the existence or denial of procedural due process." *Tarlton,* ¶ 33 (internal citations omitted).

¶15 In *Ridley v. Guaranty Nat'l Ins. Co.*, the plaintiff sought a declaratory judgment that §§ 33-18-201(6) and (13), MCA, required an insurer to pay medical expenses as they were incurred when the tortfeasor's liability was reasonably clear. 286 Mont. 325, 332-33, 951 P.2d 987, 991 (1997). We held that under the statutes an insurer is required to pay an injured third party's medical expenses when liability is reasonably clear for the expense that is submitted. *Ridley*, 286 Mont. at 334, 951 P.2d at 992. However, "even though liability for the accident may be reasonably clear, an insurer may still dispute a medical expense if it is not reasonably clear that the expense is causally related to the accident in question." *Ridley*, 286 Mont. at 334, 951 P.2d at 992. Therefore, *Ridley* is a two-part test: (1) whether liability is reasonably clear and (2) whether it is reasonably clear that a medical expense is causally related to the accident.

¶16 We later clarified our "reasonably clear" legal standard in *Peterson v. St. Paul Fire & Marine Ins. Co.*, 2010 MT 187, 357 Mont. 293, 238 P.3d 904. We adopted the following standard: liability is reasonably clear "when a reasonable person, with

6

knowledge of the relevant facts and law, would conclude, for good reason, that the defendant is liable to the plaintiff." *Peterson*, ¶ 39. Further, we concluded that if liability was reasonably clear it "would leave little room for objectively reasonable debate." *Peterson*, ¶ 39. Essentially, the reasonably clear standard of *Ridley* is comparable to the "clear and convincing evidence" standard. *Peterson*, ¶ 37. Even though in *Peterson* we only addressed whether liability is reasonably clear, the reasonably clear standard applies to the causal relationship of a medical expense and the accident as set forth in *Ridley*. Therefore, if there is an objectively reasonable debate about whether a medical expense is causally related to the accident then a *Ridley* declaratory action would be inappropriate because a controversial issue of fact exists.

¶17    Our *Ridley* cases demonstrate that a *Ridley* declaratory claim is an inappropriate method to resolve disputed issues of material fact. Our decision in *Giambra v. Travelers Indem. Co.*, is instructive. 2003 MT 289, 318 Mont. 73, 78 P.3d 880. In *Giambra*, the plaintiffs filed a declaratory action under *Ridley* arguing that liability was reasonably clear and that Travelers was obligated to advance pay medical expenses. *Giambra*, ¶ 12. The district court disagreed. The district court determined that there was a conflict in the evidence as to negligence and therefore liability was not reasonably clear. *Giambra*, ¶ 14. Thus, the district court granted Travelers' motion for summary judgment dismissing the declaratory action. We affirmed, holding that summary judgment was appropriate because there was a clear issue of material fact that should be resolved in a negligence action and that Travelers had no obligation under *Ridley*. *Giambra*, ¶¶ 15-16. Therefore, Giambra would have to pursue reimbursement through a negligence suit

7

against Travelers' insured tortfeasor. Subsequently, Giambra brought a negligence action against the tortfeasor to resolve the disputed issues of material fact, evidenced by our decision in *Giambra v. Kelsey*, 2007 MT 158, 338 Mont. 19, 162 P.3d 134.

¶18 Similarly, in *Safeco Ins. Co. v. Montana Eighth Judicial Dist. Court*, we held that disputed facts should be left to a jury. 2000 MT 153, 300 Mont. 123, 2 P.3d 834. In *Safeco*, the plaintiff brought a declaratory action[2] seeking advance payment of medical expenses. *Safeco*, ¶ 5. Safeco's insured admitted liability and the district court concluded there were no disputed material facts concerning causation. *Safeco*, ¶ 9. Therefore, the declaratory action was proper to establish plaintiff's right under *Ridley* that Safeco must as a matter of law pay the undisputed medical expenses. *Safeco*, ¶ 20. Then, the district court determined the only matter reserved for *trial* would be damages since Safeco reasonably disputed a portion of the medical expenses. *Safeco*, ¶ 24. We upheld the district court's ruling. *Safeco*, ¶ 34. Thus, we conclude that based on the purpose of the Declaratory Judgments Act and our *Ridley* cases, a *Ridley* declaratory claim is an inappropriate method to adjudicate disputed issues of material fact as to causation.

¶19 Next, we turn to whether a disputed issue of material fact exists in this case. The District Court concluded that there was no disputed issue of material fact regarding causation or damages. The District Court came to this conclusion because it rejected Mid-Century's Doctors' affidavits for two reasons: (1) Mid-Century's affidavits of the

---

[2] The plaintiff also brought claims against Safeco's insured for negligence.

8

Doctors were unsworn affidavits, and (2) the Doctors lacked foundation. We conclude the District Court erred in disregarding the Doctors' affidavits and opinions.

¶20 First, the District Court determined that the affidavits of the Doctors did not comply with M. R. Civ. P. 56. However, each of the Doctors' affidavits properly stated that they were made based on personal knowledge, the affiants were competent to testify, and represented the attached doctors' reports were true and correct. Thus, the Doctors' affidavits do comply with M. R. Civ. P. 56(e). Second, the District Court determined that the Doctors' opinions lacked foundation to opine about Teeter's pre-accident conditions because they relied on post-accident records. However, the Doctors relied on Teeter's medical history that documented her pre-accident counseling history, which was later corroborated in Teeter's deposition. Further, the appropriate method to challenge foundation for the Doctors' opinions is on cross-examination at trial because whether the expert reliably applied the reliable field to the facts is a question of fact for a jury to decide. *Beehler v. E. Radiological Assocs. P.C.*, 2012 MT 260, ¶ 35, 367 Mont. 21, 289 P.3d 131. Therefore, the Doctors' affidavits and opinions should have been considered in determining whether a disputed issue of material fact existed regarding causation and damages.

¶21 Having determined the District Court erroneously disregarded the Doctors' affidavits, we now balance the evidence presented by both parties to determine whether a disputed issue of material fact exists regarding whether Teeter's remaining damages are causally related to the accident. Teeter presented the following evidence to support that her treatments were causally related to the accident: her own sworn affidavit and the

9

affidavits of her treating physicians. In their affidavits, Teeter's treating physicians maintained that all of Teeter's treatments were reasonable and necessary to treat her injuries from the accident.

¶22 Mid-Century countered by presenting evidence of the Doctors' opinions that disputed the ongoing medical expenses and wage losses were causally related to the accident. Specifically, Dr. Wilson and Dr. Heid opined that Teeter's ongoing treatments were excessive for the normal standard of care for her injuries. Dr. Heid asserts there is no physiological basis for Teeter's pain complaints and diagnosed her with chronic pain syndrome. Further, Dr. Stratford opined that Teeter's pain complaints stem from a psychological condition rather than from injuries suffered in the accident. Lastly, Dr. Wilson and Dr. Heid dispute that Teeter's wage losses are reasonable because there is no objective evidence that Teeter has any physical or vocational restrictions from the accident. Fundamentally, Mid-Century's experts set forth a disputed issue of material fact regarding causation and damages.

¶23 We conclude after balancing Teeter's affidavits against the Doctors' affidavits there remains a clear disputed issue of material fact regarding causation and damages. Thus, it is not reasonably clear that Teeter's ongoing medical expenses are causally related to the accident because there is a reasonable debate. Therefore, we conclude that the District Court erred in granting Teeter summary judgment on her *Ridley* declaratory action.

## CONCLUSION

¶24    We conclude that the District Court erred in granting Teeter's motion for summary judgment.  A declaratory action is an inappropriate method to resolve disputed issues of material fact.  Here, there is a clear dispute of material fact regarding causation because it is not reasonably clear if Teeter's remaining expenses are causally related to the accident.  Further, the District Court's order granting fees and costs to Teeter is reversed because granting summary judgment to Teeter was in error.  We reverse and remand for further proceedings consistent with this Opinion.

¶25    Reversed and remanded.


                                        /S/ MICHAEL E WHEAT


We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE