NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT BENTLE, | No. 23-35020 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-00027-BMM |
| v. | |
| FARMERS INSURANCE EXCHANGE; MID-CENTURY INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted October 19, 2023
Portland, Oregon

Before: GILMAN,[**] KOH, and SUNG, Circuit Judges.

Robert Bentle appeals from the grant of summary judgment in favor of

Farmers Insurance Exchange and Mid-Century Insurance Company. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Our review of a district court's ruling on a summary-judgment motion is de novo. *Alexander v. Nguyen*, 78 F.4th 1140, 1144 (9th Cir. 2023). A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

1.      Bentle argues that the parties never settled his contractual claims for underinsured-motorist ("UIM") and medical-payments ("MP") coverage because his words and actions did not evince an intent to settle. But Montana's accord-and-satisfaction law makes clear that Bentle and Mid-Century agreed to settle Bentle's insurance claims for $30,000. "An accord is an agreement to accept in extinction of an obligation something different from or less than that to which the person agreeing to accept is entitled. Though the parties to an accord are bound to execute it, yet it does not extinguish the obligation until it is fully executed." Mont. Code Ann. § 28-1-1401. "Acceptance by the creditor of the consideration of an accord extinguishes the obligation and is called satisfaction." *Id.* § 28-1-1402.

During the course of settlement negotiations between Bentle and Mid-Century, Mid-Century's claims adjuster proposed the sum of $30,000. Bentle's counsel followed-up, informing Mid-Century in writing that Bentle "agreed to accept the $30,000 to settle his medical payments and underinsured

motorist claims." Mid-Century responded by tendering payment with a writing "to confirm that we've settled your client's injury claim for $30,000.00." Bentle's written acceptance was the accord because he agreed to settle the UIM and MP claims for less than the amount that he believed he was entitled to. *See id.* § 28-1-1401. Any obligation that Mid-Century owed was fully extinguished by satisfaction once Bentle deposited the check. *See id.* § 28-1-1402; *see also Boyer v. Ettelman*, 767 P.2d 324, 325–28 (Mont. 1989) (affirming the lower court's application of the law of accord and satisfaction where the parties' words and actions showed an intent to fully settle the claims despite the insured failing to send back a signed release).

2.      Bentle next argues that Mid-Century made misrepresentations in violation of Montana's Unfair Trade Practices Act ("UTPA"). An insurer may not "misrepresent pertinent facts or insurance policy provisions relating to coverages at issue." Mont. Code Ann. § 33-18-201(1). Bentle alleges that Mid-Century misrepresented the contents of its internal investigation, the findings of its records review, and the true value of Bentle's claims. His argument on this issue fails as a matter of law because he does not allege that Mid-Century misrepresented the *coverage provisions* of his insurance policy. *See Lorang v. Fortis Ins. Co.*, 192 P.3d 186, 213 (Mont. 2008) ("[T]he insurer's duty [under this subsection] is simply to be truthful in its representations regarding the coverage provisions of an

3

insurance policy.").

3.      Bentle further contends that Mid-Century refused to pay his claims without conducting a reasonable investigation, in violation of Mont. Code Ann. § 33-18-201(4).  Mid-Century responds by arguing that it settled Bentle's contractual claims for $30,000 and that no claim was refused.  The Montana Supreme Court has made clear that "the nature of the investigation itself is the sole issue in a claim of unreasonable investigation under the UTPA." *Lorang*, 192 P.3d at 215; *see also McVey v. USAA Cas. Ins. Co.*, 313 P.3d 191, 195 (Mont. 2013) ("A later payment fails to cure an insurer's prior failure to conduct a reasonable investigation, as required by § 33-18-201(4) . . . .").  Still, there must be an initial refusal for a § 33-18-201(4) claim to survive.  *Lorang*, 192 P.3d at 213–17 (denying a coverage claim); *McVey*, 313 P.3d at 195 (finding a de facto denial of a UIM claim).

Bentle's UIM claim was never refused.  And as for his MP claim, he submitted medical bills to support the claim, but he failed to provide any evidence linking the accident to those medical bills despite Mid-Century's repeated requests for such information.  Because Bentle never provided this linkage, Mid-Century had nothing to refuse.  Bentle's claim under this subsection therefore fails.

4.      Bentle finally argues that Mid-Century violated the UTPA's prohibition against insurers "fail[ing] to promptly settle claims, if liability has

4

become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage." Mont. Code Ann. § 33-18-201(13). This subsection "applies to an insurer's failure to pay one type of damages for which liability has become reasonably clear in order to influence settlement of claims for other types of damages made pursuant to the same policy." *Ridley v. Guaranty Nat'l Ins. Co.*, 951 P.2d 987, 994 (Mont. 1997).

Because Bentle's counsel—not Mid-Century—initiated discussion of settling both the UIM and MP claims simultaneously, Mid-Century could not have improperly leveraged settlement of one claim against the other. *See id.* at 994. Furthermore, "even though liability for the accident may be reasonably clear, an insurer may still dispute a medical expense if it is not reasonably clear that the expense is causally related to the accident in question." *Id.* at 992. The evidence in this case, even viewed in the light most favorable to Bentle, provides no support for a finding that any "medical expense [was] causally related to the accident." *See Teeter v. Mid-Century Ins. Co.*, 406 P.3d 464, 468 (Mont. 2017). Bentle's claim under Mont. Code Ann. § 33-18-201(13) is, therefore, also without merit.

**AFFIRMED.**